# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

PHAT NGUYEN                                                          CIVIL ACTION
                                                                     NO. 07-4675

VERSUS

STATE FARM FIRE AND CASUALTY                                         SECTION M
INSURANCE COMPANY AND
NATIONAL FLOOD INSURANCE PROGRAM

## ORDER

Before the Court is Defendant, State Farm Fire and Casualty Company's (State Farm) Motion for Summary Judgment, which is opposed, and which came for hearing on November 12, 2008, on the briefs. After consideration of the motion, the opposition, and the applicable law, the Court grants the motion.

As a result of Hurricane Katrina, the property at 107 Annette Drive, Slidell, Louisiana sustained flood damage. The property was insured with the NFIP through State Farm which issued a Standard Flood Insurance Policy (SFIP) under the Write-Your-Own program of the National Flood Insurance Program (NFIP). Although Plaintiff, Phat Nguyen[1], was paid by State Farm for the flood damage, on August 28, 2007, he filed suit alleging that

---

[1] At the time of the storm the property was owned by Phat Nguyen and Hang Nguyen. In May, 2008 Phat Nguyen purchased Hang Nguyen's ownership in the property.

State Farm refused to pay the remaining cost of the repairs under the policy. On July 25, 2008, Nguyen submitted an estimate of flood and wind damages completed by Darrell Quinney of Loss Solutions as a response to State Farm's Request for Production, but failed to submit a sworn Proof of Loss.

State Farm submits that Nguyen is not entitled to recover any further benefits from his SFIP because he failed to comply with the conditions precedent to filing a lawsuit including the failure to file a timely, signed and sworn proof of loss as mandated by Article VII (J)(4) of the SFIP.

Nguyen alleges that the Federal Emergency Management Association (FEMA) issued conflicting messages regarding the requirement to file a proof of loss, and, as such, the question of whether FEMA expressly waived the proof-of-loss requirement is an issue of material fact that cannot be resolved by summary judgment.

However, 5th Circuit precedent requires this Court to find that the provision of an insurance policy issued pursuant to a federal program must be strictly construed and that an insured's failure to provide a complete, sworn proof of loss statement "relieves the federal insurer's obligation to pay what otherwise might be a valid claim." See Gowland v. Aetna 143 F.3d 951, 954. (5th Cir. 1998).

Accordingly, State Farm's Motion for Summary Judgment is **GRANTED.**

New Orleans, Louisiana, this 12th day of November, 2008.

Peter Beer
United States District Judge